*Moore, Dewey*, and *Nelson*, for the state.

Nov. Term,<br>1823.

ELWELL<br>v.<br>TUCKER.

---

## ELWELL and *Others v.* TUCKER.

A seat of justice which had been established at *Brownsville*, in *Union* county, by authority of an act of the legislature, was, by virtue of a subsequent act, removed to *Liberty*, in the same county: *Held*, that the statute authorizing the removal is not unconstitutional.

The establishment of the time and place of holding Courts, is a matter of general legislation, respecting which the acts of one session of the general assembly cannot be binding on another.

ERROR to the *Fayette* Circuit Court.

*Monday,*<br>*November 10,*

SCOTT, J.—Commissioners were appointed by the general assembly of this state, to establish a seat of justice in *Union* county. The defendant, *Tucker*, entered into an agreement, binding himself to pay 200 dollars to the county agent, for the use of the county, on condition that the commissioners would fix the seat of justice at *Brownsville*. The commissioners did fix the seat of justice at *Brownsville*. And the county agent assigned the said agreement to the plaintiffs, in consideration of their undertaking to erect the public buildings for said county. At a subsequent session of the general assembly, other commissioners were appointed, who fixed the seat of justice at *Liberty*.

Nov. Term,
1823.

The plaintiffs brought suit against *Tucker* on his agreement. The defendant sets out these facts, and pleads a failure of consideration. There was a general demurrer to the plea, and judgment for the defendant.

The plaintiffs insist, here, that the second act of assembly, appointing commissioners, is unconstitutional and therefore void. They release all errors except the constitutionality of that act. Thus situated, the case presents but one point for our consideration. If that act is constitutional, the judgment must stand; if otherwise, it must be reversed. The establishment of the time and place of holding Courts is a matter of general legislation, respecting which the act of one session of the general assembly cannot be binding on another. When the legislature fix a seat of justice, either directly by their own act, or through the medium of commissioners by them appointed for that purpose, they fix it, there to remain until altered by some future legislature. When the commissioners fixed the seat of justice at *Brownsville*, there was no covenant of perpetuity. There was no stipulation, express or implied, that *Brownsville* should forever be the place of holding the Courts for the county of *Union*. No such contract could exist, according to the first principles of legislation. The only assurance that was, or could then be, given to the citizens of that place, was, that *Brownsville* should be the place of holding the Courts for the county of *Union*, until otherwise directed by the competent authority. The general assembly then, in passing the act in question, exercised their constitutional power, and the act is constitutional and valid.

*Per Curiam.*—The judgment is affirmed, with costs.

*Ray,* for the plaintiffs.

*Test* and *Caswell,* for the defendant.